ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA E. MENDELSON– State Bar No. 280388
jmendelson@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6260
Facsimile:   (310) 785-3560

*Attorneys for Plaintiff*
*Bally Gaming, Inc. dba Bally Technologies*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BALLY GAMING, INC. d/b/a/ BALLY TECHNOLOGIES, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>DESIGN TIME INTERACTIVE, INC., a California corporation,<br><br>Defendant. | CASE NO.: 2:14-cv-7000<br><br>**COMPLAINT FOR**<br><br>1. **TRADEMARK INFRINGEMENT**<br><br>2. **TRADEMARK DILUTION**<br><br>3. **FEDERAL UNFAIR COMPETITION**<br><br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>5. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

COMPLAINT

921445

Plaintiff Bally Gaming, Inc. d/b/a/ Bally Technologies ("Bally"), by and through its counsel, submits this Complaint against Defendant Design Time Interactive, Inc. ("DTI" or "Defendant") and alleges as follows:

### THE PARTIES

1.      Bally is a Nevada Corporation with its principal place of business at 6601 S. Bermuda Rd., Las Vegas, Nevada 89119.

2.      On information and belief, Defendant is a California corporation with a principal place of business at 13011 Oakwood Lane, La Mirada, CA 90638.

### JURISDICTION AND VENUE

3.      This Complaint arises under the laws of the United States, specifically the trademark laws of the United States, 15 U.S.C. §§1114 and 1125, *et seq*.  This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as to form part of the same case or controversy.

4.      Personal jurisdiction and venue are proper in this district under 28 U.S.C. § 1391 because, on information and belief, Defendant's principal place of business is located in the state of California, subjecting it to the laws of the State of California and to personal jurisdiction and venue in California.

5.      On information and belief, Defendant has been unlawfully promoting and selling an iOS/iPhone application, "Big Vegas Roulette– Fun Mobile Casino Gambling Craze Pro," Apple ID 881098575, an online electronic casino game (the "Infringing Game"), which infringes Bally's intellectual property via the Internet.

6.      The product is directed at residents of California and this District, Defendant has conducted and/or solicited business in California and this District, has provided infringing products or services to the residents of California and this District, and/or has committed, contributed to, and/or induced acts of infringement in California and this district.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

921445

# FACTUAL ALLEGATIONS

## Bally's Proprietary Games and Intellectual Property

7.    Bally is, among other things, a leading manufacturer of casino gaming machines and equipment and a licensor of proprietary games.

8.    Bally owns intellectual property rights, including trademark rights in its distinctive names, logos and designs, together with art, graphic designs, methods of play and other intellectual property.  More specifically, Bally owns and extensively uses several trademarks which are well-known and famous throughout the United States and worldwide, including but not limited to: U.S. Trademark Registration Number ("Reg. No.") 85301631 for the mark BIG VEGAS, which is used for gaming machines (devices which accept a wager) and gaming software which generates or displays outcomes for gaming machines, as well as common law trademark rights for BIG VEGAS in connection with the above and entertainment services and online games.

9.    Through Bally's expansive sales, leasing, licensing and marketing efforts, the games which use the BIG VEGAS mark have become a standard fixture in casinos throughout the country and online, resulting in widespread consumer recognition.

10.    Bally has developed and continues to develop electronic versions of its proprietary games using the BIG VEGAS mark, for use in connection with online casinos, social gaming sites, and mobile applications.

11.    Bally licenses games using the BIG VEGAS mark to casino operators located in California and nationwide.

12.    In particular, Bally extensively licenses its intellectual property, including games using the BIG VEGAS mark, to Indian Gaming Casinos throughout Southern California and this District.

13.    Bally earns a substantial portion of its business revenue through licensing games using the BIG VEGAS mark to third parties worldwide.

921445

14.     Bally is registered to do business in California through the California Secretary of State.

### Defendant's Wrongful and Infringing Activities

15.     On information and belief, Defendant is a developer of online downloadable apps, including iOS/iPhone applications.  Without authorization or permission from Bally, Defendant develops, designs, manufactures, markets, distributes, displays, uses, and/or sells the Infringing Game, which infringes Bally's BIG VEGAS mark for various devices through Apple's iTunes store, and other means.

16.     On information and belief, Defendant develops, designs, manufactures, markets, distributes, displays, uses, and/or sells the Infringing Game.

17.     On information and belief, Defendant's Infringing Game is confusingly similar to, and competes with Bally's games using the BIG VEGAS mark.

18.     Defendant's use, offer for sale and sale of confusingly similar imitations of Bally's games, using a mark which is the same or similar to the BIG VEGAS mark, is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the Infringing Game sold by Defendant is developed by, designed by, manufactured by, authorized by, or in some manner associated with Bally, which it is not.  The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of Bally's BIG VEGAS mark is causing irreparable harm to the goodwill symbolized by this mark and the reputation for quality that it embodies, in California and in this District.  On information and belief, Defendant continues to use, offer for sale, and sell confusingly similar imitations of the BIG VEGAS mark, which compete with the games manufactured and sold by Bally.

921445

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## COUNT I

## TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. §1114 *ET SEQ.*

19.    Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

20.    Defendant is manufacturing, marketing, distributing, displaying, and selling applications and software in interstate commerce bearing the same and/or confusingly similar imitations of Bally's BIG VEGAS mark.

21.    Defendant's manufacturing, marketing, distributing, displaying, and selling the Infringing Game in interstate commerce bearing the same and/or confusingly similar imitations of Bally's BIG VEGAS mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's product is manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by Bally, or is associated or connected with Bally.

22.    Defendant has used a mark confusingly similar to Bally's federally registered BIG VEGAS mark in violation of 15 U.S.C. § 1114.  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the trade and public, and additional injury to Bally's goodwill and reputation as symbolized by the registered BIG VEGAS mark, for which Bally has no adequate remedy at law.

23.    Defendant's actions demonstrate an intent to trade on the goodwill associated with Bally's federally registered BIG VEGAS mark to Bally's great and irreparable injury.

24.    Defendant has caused and is likely to continue causing substantial injury to the public and to Bally, and Bally is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

921445

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## COUNT II

## FEDERAL TRADEMARK DILUTION IN VIOLATION OF

## 15 U.S.C. §1125(C))

25.    Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein. The BIG VEGAS mark has become uniquely associated with, and hence identifies, Bally's merchandise. Defendant's use of the phrase Big Vegas Roulette, an imitation of Bally's BIG VEGAS mark, constitutes a false designation of origin, or a false representation. Further, Defendant's use of the phrase Big Vegas Roulette wrongfully and falsely designates Defendant's products as originating from or connected with Bally and constitutes utilizing false descriptions or representations in interstate commerce.

26.    Defendant's conduct is likely to cause mistake, deceive and confuse members of the public who would be wrongfully led to believe Defendant is selling a product of or associated with Bally and/or Bally authorized and endorsed the sale of the goods, thereby depriving Bally of its valid trademark rights.

27.    Bally is informed and believes, and on that basis alleges, that Defendant, in adopting Bally's BIG VEGAS mark, has acted willfully and with full knowledge of Bally's rights in its trademark, and has used this false designation of origin and description in contravention of 15 U.S.C. § 1125(c).

28.    The continued unauthorized use by Defendant of Bally's BIG VEGAS mark in relation to the sale of Defendant's merchandise is likely to cause confusion and deception of the public and lead consumers and potential consumers to erroneously associate Defendant's product with Bally and/or to erroneously believe that Defendant's product is being placed upon the market with the consent and authority of Bally, as a result of which the continued use by Defendant of Bally's BIG VEGAS mark has caused and, unless restrained, will continue to cause serious and irreparable injury to Bally.

921445

29.    By reason of the foregoing, Bally has been injured in an amount to be determined at trial.

## COUNT III

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C §1125(A)

30.    Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

31.    Defendant is using, offering for sale, and selling confusingly similar imitations of the BIG VEGAS mark, as described in this Complaint, which has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Game is manufactured or distributed by Bally, is affiliated, connected, or associated with Bally, or has the sponsorship, endorsement, or approval of Bally.

32.    Defendant has made false representations, false descriptions, and false designations of Bally's goods in violation of 15 U.S.C. § 1125(a).  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to Bally's goodwill and reputation as symbolized by the BIG VEGAS mark, for which Bally has no adequate remedy at law.

33.    Defendant's actions demonstrate an intent to trade on the goodwill associated with Bally's BIG VEGAS mark, to the great and irreparable injury of Bally.

34.    Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Bally.  Bally is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

921445

## COUNT IV

## CALIFORNIA STATUTORY UNFAIR COMPETITION IN VIOLATION OF

## CAL. BUS. & PROF. CODE §17200

35.     Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

36.     Defendant's acts and practices, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200.  Defendant has engaged in unlawful, unfair, or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200.

37.     Defendant intentionally infringed the BIG VEGAS mark, as alleged above, to purposefully trade off the goodwill and reputation of Bally and to confuse and deceive consumers by creating the false and misleading impression that Defendant's Infringing Game is manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by Bally, or is associated or connected with Bally.

38.     On information and belief, Defendant performed the acts alleged herein intentionally, for the purpose of injuring Bally. The acts alleged herein continue to this day and present a threat to Bally, the general public, the trade and consumers.

39.     As a result of Defendant's wrongful acts, Bally has suffered and will continue to suffer loss of income, profits, and valuable business opportunities, and if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its wrongful acts.

40.     Pursuant to Cal. Bus. & Prof. Code § 17200, Bally seeks an order of this Court preliminarily and permanently enjoining Defendant from continuing to engage in the unlawful, unfair, or fraudulent acts or practices set forth herein, as well as restitution or disgorgement of any monies received by Defendant through such acts or practices.

921445

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## COUNT V

## CALIFORNIA COMMON LAW UNFAIR COMPETITION

41.    Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

42.    Defendant intended to use Bally's BIG VEGAS mark, or confusingly similar imitations thereof, in a manner which is likely to confuse and mislead members of the relevant public as to the origin, sponsorship, approval or license of Defendant's products and as to the false association of said products with Bally. Defendant's conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Bally sponsored, approved, or is affiliated with Defendant and that Bally originated, approved, or licensed Defendant's products.

43.    Defendant's conduct alleged herein infringes Bally's BIG VEGAS mark and constitutes passing off and common law unfair competition with Bally, all of which has damaged and will continue to irreparably damage Bally's goodwill and reputation unless restrained by this Court, because Bally has no adequate remedy at law.

44.    Bally has suffered and continues to suffer direct and actual damages as a result of Defendant's Infringing Game, including but not limited to, lost sales and business opportunities and damage to Bally's reputation and the BIG VEGAS mark. Bally is entitled to recover its actual damages as well as Defendant's profits generated from the promotion, distribution, sale, and offer for sale of Defendant's infringing products.

45.    Bally has suffered, and if Defendant is not enjoined from its wrongful acts of common law trademark infringement, passing off and unfair competition, will continue to suffer great and irreparable injury, loss and damage to its rights in and to the BIG VEGAS mark and the goodwill associated therewith for which it has no adequate remedy at law.

921445

## **PRAYER FOR RELIEF**

WHEREFORE, Bally respectfully requests that this Court:

a.     enjoin Defendant, its officers, subsidiaries, agents, servants, employees, and all persons in active concert with any of them, from any further infringement of Bally's trademarks in any manner, including but not limited to:

1) Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the "Big Vegas Roulette" game, or any confusingly similar variation thereof;

2) Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Bally, are sponsored or authorized by Bally, or are in any way connected or related to Bally;

3) Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of Bally;

4) Passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Bally, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5) Engaging in acts of Federal or California statutory or common law trademark infringement, passing off or unfair competition that would damage or injure Bally and/or Bally's BIG VEGAS mark and/or other intellectual property.

b.     order Defendant to cease offering for sale, marketing, promoting, and selling, to remove from Apple's iTunes Store all products bearing the name "Big

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

921445

1  Vegas Roulette" or any other confusingly similar variation of Bally's BIG VEGAS
2  mark;
3        c.      order Defendant to disclose and document all sales of the Infringing
4  Game sold to date, including gross revenues and profits related to such sales;
5        d.      order Defendant to ensure Bally's access to the Big Vegas name in the
6  Apple iTunes store;
7        e.      award Bally damages, including its actual damages, as well as its
8  attorneys' fees and costs, in an amount to be ascertained pursuant to applicable laws,
9  including, without limitation, 15 U.S.C. §1114, 15 U.S.C. §1117, 15 U.S.C. §§1125
10 (a) and (c) and California law and
11       f.      grant Bally such other relief as the Court deems just and equitable.

12  Date:  September 8, 2014                    Respectfully submitted,
13
14                                             /s/ Erica J. Van Loon
                                               Adrian M. Pruetz
15                                             Erica J. Van Loon
                                               Jessica E. Mendelson
16                                             GLASER WEIL FINK HOWARD
17                                                AVCHEN & SHAPIRO LLP
18
                                               *Attorneys for Plaintiff*
19                                             *Bally Gaming, Inc.*
20
21
22
23
24
25
26
27
28

921445

# DEMAND FOR JURY TRIAL

Bally demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  September 8, 2014                    Respectfully submitted,

                                             /s/ Erica J. Van Loon
                                             Adrian M. Pruetz
                                             Erica J. Van Loon
                                             Jessica E. Mendelson
                                             GLASER WEIL FINK HOWARD
                                                 AVCHEN & SHAPIRO LLP

                                             *Attorneys for Plaintiff*
                                             *Bally Gaming, Inc.*