ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA E. MENDELSON - State Bar No. 280388
jmendelson@glaserweil.com
GLASER WEIL FINK
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
*Bally Gaming, Inc. d/b/a Bally Technologies*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BALLY GAMING, INC. d/b/a BALLY TECHNOLOGIES, a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DESIGN TIME INTERACTIVE, INC., a California corporation,<br><br>    Defendant. | CASE NO: 2:14-cv-07000-CAS (AJWx)<br><br>Hon. Christina A. Snyder<br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

1. Bally Gaming, Inc. d/b/a Bally Technologies ("Bally") on the one hand, and Design Time Interactive, Inc. ("DTI") on the other (each a "Party," and collectively the "Parties"), and the Parties having consented to the terms of the permanent injunction set forth below, this Court hereby finds as follows:

    1. This case arises under the laws of the United States, specifically the trademark laws of the United States, 15 U.S.C. §1114 and 15 U.S.C. §1125, *et seq*. This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.

    2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as to form part of the same case or controversy.

    3. This Court has personal jurisdiction over DTI because it solicits, transacts and does business in this District, a substantial part of the wrongful acts or omissions complained of occurred in this District, and DTI is subject to personal jurisdiction in this District. DTI purposefully directed its activities toward this District when it willfully infringed Bally's intellectual property rights, specifically targeted consumers here, and a substantial part of the harm was felt in this District.

    4. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and (c).

    5. Bally is, among other things, a leading manufacturer of casino gaming machines and equipment and a licensor of proprietary games.

    6. Bally owns intellectual property rights, including trademark rights in its distinctive names, logos and designs together with art, graphic designs, methods of play and other intellectual property. More specifically, Bally owns and extensively uses several trademarks which are well-known and famous throughout the United States and worldwide, including but not limited to: U.S. Trademark Registration Number ("Reg. No.") 85301631 for the mark BIG VEGAS, which is used for gaming machines (devices which accept a wager) and gaming software which generates or displays outcomes for gaming machines, as well as common law trademark rights for

BIG VEGAS in connection with the above and entertainment services and online games.

7. Through Bally's expansive sales, leasing, licensing and marketing efforts, the games which use the BIG VEGAS mark have become a standard fixture in casinos throughout the country and online, resulting in widespread consumer recognition.

8. Bally filed this action against DTI alleging, *inter alia*, that DTI has been unlawfully promoting and selling iOS/iPhone applications under the name "Big Vegas Roulette" (the "Infringing Game") in violation of United States intellectual property laws.

9. Bally has no adequate remedy at law and the alleged harm to Bally and to the public outweighs the harm to any legitimate interests of DTI.

10. Bally, on the one hand, and DTI on the other, desire to avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of the breach of the separate settlement agreement between Bally and DTI relating to this case (the "Settlement Agreement") or this Consent Judgment and Permanent Injunction, or other need for judicial intervention.

In accordance with the Settlement Agreement, the parties hereto stipulate and agree to this consent judgment and to the entry of a permanent injunction against DTI in the form set forth below.

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. <u>Bally's Trademarks are Valid and Enforceable</u>.  Bally's federal and common law trademark rights in the BIG VEGAS mark are valid, and enforceable.

2. <u>Permanent Injunction against DTI</u>.  DTI, and all of its respective affiliates, subsidiaries, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from DTI, or in concert or participation with DTI, are **permanently**

**enjoined and restrained** from directly, or indirectly, infringing Bally's BIG VEGAS mark in any manner, by:

    a. Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the name "Big Vegas Roulette" or any other BIG VEGAS mark in Apple's iTunes Store;

    b. Using the phrase "Big Vegas Roulette" or any other BIG VEGAS mark in connection with their products or services.

Furthermore, under the terms of the injunction, DTI is required to:

    a. Disclose and document the number of games which infringe on the BIG VEGAS mark sold to date, inclusive of gross revenues and profits related to such sales;

    b. Ensure Bally's access to the Big Vegas name through Apple's iTunes Store and any other internet platform.

3. <u>Payment of Settlement Sum</u>. DTI shall pay Bally the agreed upon sum on the date set forth in the Settlement Agreement.

4. <u>Service</u>. Service may be made upon the Parties by registered mail or overnight delivery service (acceptance signature required) addressed as follows:

<u>To DTI</u>: Design Time Interactive, Attn: Nicholas C. Golden
13011 Oakwood Lane, La Mirada, CA 90638.

<u>To Bally</u>: Bally Gaming, Inc. d/b/a Bally Technologies, Attn: Asst. General Counsel and Senior Director of IP, Michele McShane, 6650 El Camino Road, Las Vegas, Nevada 89118, copy to counsel for Bally, Adrian Pruetz, Glaser Weil Fink Howard Avchen & Shapiro LLP, 10250 Constellation Blvd., 19th Floor, Los Angeles, California 90067.

A copy of this Consent Judgment and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65.

5. <u>Retention of Jurisdiction to Enforce Settlement Agreement and Consent</u>

Judgment and Permanent Injunction. The Court retains jurisdiction to enforce the parties' Settlement Agreement and the Consent Judgment and Permanent Injunction.

6. Entry of Judgment. The Court expressly determines that there is no just reason for delay in entering this Consent Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Consent Judgment and Permanent Injunction against DTI.

7. Expenses of the Action. Each party shall bear its own costs and attorneys' fees in connection with this action.

IT IS SO ORDERED, ADJUDGED AND DECREED:

DATED: September 10, 2014        By: /s/ Christina A. Snyder
                                     Hon. Christina A. Snyder
                                     United States District Judge